UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Louis Meeuwenberg, individually and on behalf
of all others similarly situated,

       Plaintiffs,

v.

Best Buy Co., Inc., Richard M. Schulze,
and Bradbury H. Anderson,

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 03-6193 ADM/AJB

___

David J. Tkach, individually and on behalf
of all others similarly situated,

       Plaintiffs,

v.

Best Buy Co., Inc., Richard M. Schulze,
and Bradbury H. Anderson,

       Defendants.

Civil No. 03-6468 ADM/AJB

___

Stephen Anish, on behalf of himself
and all others similarly situated,

       Plaintiff,

v.

Best Buy Co., Inc., Richard M. Schulze,
and Bradbury H. Anderson,

       Defendants.

Civil No. 03-6486 ADM/AJB

___

Christopher Hinton, individually and on behalf
of all others similarly situated,

        Plaintiff,

  v.

                                                            Civil No. 03-6530 ADM/AJB

Best Buy Co., Inc., Richard M. Schulze,
and Bradbury H. Anderson,

        Defendants.

_____

Adam J. Levitt, Esq.,Wolf Haldenstein Adler Freeman & Herz, LLC, Chicago, IL, and Neal Eisenbraun, Esq., Charles H. Johnson & Associates, P.A., New Brighton, MN, appeared for and on behalf of Plaintiff Omar Tawil.

David A. Rosenfeld, Esq., Cauley Geller Bowman & Rudman, LLP, Melville, NY, and Vernon J. Vander Weide, Esq., Head Seifert & Vander Weide, Minneapolis, MN, appeared for and on behalf of Plaintiffs LSERS and City of Westland.

Kimberly C. Epstein, Esq., and Sylvia Wahba Keller, Esq., Milberg Weiss Bershad Hynes & Lerach LLP, San Francisco, CA, and Garrett D. Blanchfield, Jr., Esq., Reinhardt Wendorf & Blanchfield, St. Paul, MN, appeared for and on behalf of Plaintiffs Sheet Metal Workers Pension Fund for Local Union No. 19 Pension Plan and Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund.

Marc L. Godino, Esq., Stull Stull & Brody, Los Angeles, CA, and Vernon J. Vander Weide, Esq., Head Seifert & Vander Weide, Minneapolis, MN, appeared for and on behalf of Plaintiffs Elia M. Coney and Abraham and Shirley Rubin.

_____

## I.  INTRODUCTION

On April 15, 2004, counsel appeared for oral argument before the undersigned United States District Judge on the Motions to consolidate the above-captioned cases, to appoint lead plaintiff and for approval of lead counsel by Plaintiffs Omar Tawil ("Tawil") [Docket Nos. 11, 16, 17], Louisiana

School Employees' Retirement System ("LSERS") and City of Westland Police and Fire Retirement System (collectively, "LSERS Group") [Docket Nos. 5, 7] , Sheet Metal Workers Pension Fund for Local Union No. 19 Pension Plan and Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund (collectively,"Pension Funds") [Docket Nos. 8, 10], and Elia M. Coney and Abraham and Shirley Rubin (collectively,"Coney Group") [Docket Nos. 2, 4].  The Pension Funds additionally seek an order to preserve documents and to set a briefing schedule.  For the reasons stated below, as to the appointment of lead plaintiff, the LSERS Group's Motion is granted and the Motions of Tawil, the Pension Funds and the Coney Group are denied.  The requests for consolidation and for preservation of documents are granted.

## II.  BACKGROUND

The instant securities fraud class actions allege violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Act"), and Rule 10(b)-5 promulgated thereunder, based upon artificial inflation of the value of the stock of Best Buy Co., Inc. ("Best Buy"), an international electronics and appliance retailer.  The named Plaintiffs bring the suits on behalf of all persons who purchased or acquired Best Buy securities during the Class Period, January 9, 2002, to August 7, 2002.  The Complaints aver the Defendants made a series of material misrepresentations and omissions to the market regarding the state of Best Buy's business endeavors and growth potential.  They assert that this course of positive reports eventually culminated in a press release announcing a significant lowering of Best Buy's stated earnings projections, which caused common stock to suffer a one-day decline of more than 36%.

The four Movants for lead plaintiff claim the following respective losses as a result of investment

in Best Buy securities: (1) Omar Tawil: $ 238,770; (2) LSERS Group: $ 677,949; (3) Pension Funds: $ 578,968; and (4) Coney Group: $ 31,179.

### III.  DISCUSSION

A.  **Consolidation**

All Movants for lead plaintiff seek consolidation of the cases.  Rule 42(a) of the Federal Rules of Civil Procedure instructs that a court may, in its discretion, order consolidation of pending "actions involving a common question of law or fact."  Id.; see EEOC v. HBE Corp., 135 F.3d 543, 550 (8th Cir. 1998) (cases "sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") states that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions[,]" the court shall determine consolidation prior to appointment of a lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii).  After ruling on the consolidation motions, the court is to decide the lead plaintiff issue as "soon as practicable."  Id.

Because these actions name the same Defendants and are essentially identical in their factual and legal bases, consolidation is appropriate and will effectively streamline discovery and general case management.  See Compls. [03-6193 Docket No. 1; 03-6468 Docket No. 1; 03-6486 Docket No. 1; 03-6530 Docket No. 1].  The Motions to consolidate are granted.

B.  **Lead Plaintiff**

The PSLRA prescribes the procedure for appointment of lead plaintiff in class actions brought pursuant to the Act.  15 U.S.C. § 78u-4(a)(1) and 4(a)(3)(B)(i).  First, within 20 days of filing, the

Plaintiff who brought the initial suit must publish a notice informing class members of their right to bring a motion to serve as lead plaintiff. Within 60 days after publication of the notice of pendency, any purported member or group of members of the class may file for appointment as lead plaintiff. Id. § 78u-4(a)(3)(A) and (B).

Second, within 90 days after publication of the notice, the court is to consider any motions for lead plaintiff and appoint the person or group "most capable of adequately representing the interests of class members." Id. § 78u-4(a)(3)(B)(i). The PSLRA provides that in making this determination, "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest" in the dispute and otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Id. (B)(iii); see Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997) (on a motion to serve as lead plaintiff, court need only inquire into typicality and adequacy prongs of Rule 23(a), the two criteria addressing personal characteristics).

Here, all Movants have made the basic preliminary showing necessary at this stage to establish themselves as adequate representatives with interests typical to those of the absent class members. See Chill v. Green Tree Fin. Corp., 181 F.R.D. 398, 407 (D. Minn. 1998). Accordingly, the focal question is the financial stake of each Movant.

The LSERS Group claims the largest losses of the candidates for lead plaintiff. However, other Movants contest their appointment on the ground that LSERS are subject to the statutory prohibition against professional plaintiffs. As part of its amendment of the Act, Congress instituted a presumptive bar on professional plaintiffs, providing:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director or fiduciary of a lead plaintiff, in no more than five securities class actions . . . during any three year period.

15 U.S.C. § 78u-4(a)(3)(B)(vi).  The LSERS Group concedes the lead plaintiff activity of LSERS and/or its fiduciary exceeds the plain language of this clause, but argues the Court should grant its Motion nonetheless because the legislative intent behind the PSLRA was to encourage, rather than hinder, involvement of large institutional investors in securities class actions.  See Smith v. Suprema Specialties, 206 F. Supp. 2d 627, 640-41 (D.N.J. 2002) (citing Conference Report, case law for proposition that Congress sought to direct limit at individual plaintiffs with nominal amounts of stock, and to express preference for institutional investor lead plaintiffs).

The majority of courts have held institutional investors exempt from the statutory professional plaintiff restriction.  See id. at 641; Tracinda v. DaimlerChrysler AG, 216 F.R.D. 291, 299 (D. Del. 2003).  But see Chiaretti v. Orthodontic Ctrs. of Am., Inc., Civ. No. 03-1027, at 4 (E.D. La. Aug. 28, 2003) (Blanchfield Decl. of 3/18/04 Ex. A) (disqualifying LSERS as potential lead plaintiff based on fiduciary's involvement in at least six class actions).  While the language of the PSLRA includes no express exception for institution plaintiffs, it does explicitly grant the court discretion to disregard the bar.  Under the circumstances it appropriate to appoint the LSERS Group, the Movant with the greatest financial interest and no evident inability to vigorously pursue this litigation, as lead plaintiff in the consolidated action.  The LSERS Group's selection of Cauley Geller Bowman & Rudman, LLP as lead counsel and Head Seifert & Vander Weide as liaison counsel is also approved.  See 15 U.S.C. § 78u-4(a)(3)(B)(v).

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Omar Tawil's Motion [Docket Nos. 11, 16, 17] is **DENIED** as to lead plaintiff appointment;

2. Plaintiffs Sheet Metal Workers Pension Fund for Local Union No. 19 Pension Plan and Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund's Motion [Docket Nos. 8, 10] is **DENIED** as to lead plaintiff appointment, and **GRANTED** as to preservation of documents;

3. Plaintiffs Elia M. Coney and Abraham and Shirley Rubin's Motion [Docket Nos. 2, 4] is **DENIED** as to lead plaintiff appointment;

4. Plaintiffs Louisiana School Employees' Retirement System and City of Westland Police and Fire Retirement System's Motion [Docket Nos. 5, 7] for consolidation, appointment as lead plaintiff and approval of counsel is **GRANTED**;

5. The actions are consolidated and a master file is hereby established under the caption <u>In re Best Buy Company, Inc. Securities Litigation</u>, Civil No. 03-6193, and the Clerk shall mail a copy of this Order to all counsel of record in the four consolidated actions and file a copy in the master file;

6. All parties are ordered to preserve documents, and the Court will refer the matter to Magistrate Judge Arthur J. Boylan for a briefing schedule and an order on procedure for consolidating any other related actions now pending in, subsequently filed in or

transferred to this District.

BY THE COURT:

        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 29, 2004.